IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                                )
ELAINE ABRAMSON,                )
                                )
          Plaintiff,            )
                                )
v.                              )     Civil Action No. 05-1098
                                )
AMERICA ONLINE,                 )
INCORPORATED,                   )
                                )
          Defendant.            )
_____ )
```

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff filed suit against Defendant on January 12, 2005, in the United States District Court for the Northern District of Texas. Upon motion of Defendant, this matter was transferred to this Court on May 25, 2005. Plaintiff's Complaint alleges breach of contract, gross negligence, misappropriation of property, and violation of the following statutes: Copyright Act, 17 U.S.C. §§ 101-513 (2000), Digital Millennium Copyright Act, Pub. L. No. 105-304, 112 Stat. 2860 (1998), Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, and Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. §§ 17.01-17.855 (2002 & Supp. 2004-2005). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

At the time Plaintiff filed her complaint, she was a resident of Richardson, Texas, and a citizen of the State of Texas. Plaintiff currently resides in the State of Missouri. Plaintiff is a professional artist who designs and licenses children's cartoon characters. Defendant is a Delaware corporation whose principal place of business is in the Commonwealth of Virginia. Defendant is an interactive computer service that provides subscribers with access to the Internet and online communication tools (i.e., e-mail, instant messaging, etc.).

Plaintiff obtained an Internet account with Defendant in 1999, which is based upon, and subject to, a Member Agreement.[1] Pursuant to her account with Defendant, Plaintiff began using the e-mail address AAArtwork@aol.com (AOL e-mail). In 2001 Plaintiff began maintaining a website at http://www.AAArtwork.com (Abramson Website) that was associated with Plaintiff's AOL e-mail. In

---

[1] Plaintiff argues that she is not bound by the terms of the Member Agreement because her son was the one who set up her Internet account with Defendant. However, in her Order transferring this matter to this Court, Judge Barbara M. G. Lynn, United States District Court for the Northern District of Texas, held that Plaintiff is bound by the terms of the Member Agreement on two separate grounds. First, Plaintiff conferred apparent authority on her son to bind her to the Member Agreement. Second, Plaintiff ratified the Member Agreement by knowingly retaining and accepting the benefits of her Internet account with Defendant, which she knew was subject to a contract. Not only is Judge Lynn's holding the law of this case, see Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988), but the Court finds that Judge Lynn's reasons for enforcing the Member Agreement are proper.

January 2002 unknown third-party Internet content providers began using Plaintiff's AOL email and/or Abramson Website "as the purported originator of thousands of e-mails ... [with] pornographic or otherwise lascivious content." (Compl. ¶ 7.) Once Plaintiff became aware of this unauthorized use of her AOL e-mail and/or Abramson Website, she requested that Defendant remedy the situation. Defendant responded by temporarily shutting down Plaintiff's AOL e-mail and suggesting that Plaintiff could prevent further unauthorized use of her AOL e-mail and/or Abramson Website by installing and using anti-virus software on her personal computer.

While Plaintiff's Complaint does not allege that Defendant created or distributed the lascivious e-mails, it does allege that Defendant "allowed" their distribution by failing to actively prohibit third-party Internet content providers from distributing them via Plaintiff's AOL e-mail and/or Abramson Website. Plaintiff's Complaint contains no other factual allegations of wrongdoing by Defendant. Defendant claims that it is not liable for any damages caused by the distribution of the lascivious e-mails because they were created and distributed by unknown third-party Internet content providers, and that both the Member Agreement and the Communications Decency Act of 1996 (CDA), 47 U.S.C. §§ 230, shield Defendant from liability for the acts of third-party Internet content providers.

Pursuant to Fed. R. Civ. P. 12(c), this court must grant Defendant's Motion for Judgment on the Pleadings if Plaintiff can "prove no set of facts in support of [her] claim which would entitle [her] to relief." Bruce v. Riddle, 631 F.2d 272, 273-74 (4th Cir. 1980). The Court must presume that all factual allegations in the Complaint are true, and view the facts presented in the pleadings, and the inferences drawn therefrom, in the light most favorable to the non-moving party. Edwards v. City of Goldsboro, 178 F.3d 231, 248 (4th Cir. 1999).

Plaintiff can prove no set of facts that would entitle her to relief because each of her claims is barred by the terms of the Member Agreement and the CDA. As an initial matter, the Member Agreement expressly immunizes Defendant from the claims asserted by Plaintiff.

> [Defendant] is not liable for [Internet content] that is provided by others. [Defendant] reserves the right to remove [Internet content] that, in its sole judgment, does not meet its standards or does not comply with [Defendant's] Community Guidelines, but [Defendant] is not responsible for any failure or delay in removing such material.

(Member Agreement ¶ 10(c).) Likewise, the CDA expressly limits the extent to which an interactive computer service, such as Defendant, can be held liable for content provided by third-party Internet content providers. See 28 U.S.C. § 230(c). Section 230(c) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of

any information provided by another information content provider." Id. Plaintiff has simply failed to allege or show that Defendant was the "publisher or speaker" of the lascivious e-mails. 47 U.S.C. § 230(c). Therefore, Defendant is entitled to judgment on the pleadings because Defendant is contractually and statutorily immune from liability for the distribution of the lascivious e-mails because Defendant did not create the lascivious e-mails, distribute them, or knowingly facilitate their distribution. See Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997) ("By its plain language, [47 U.S.C. § 230(c)] creates federal immunity to any cause of action that would make [Internet] service providers liable for information originating with a third-party user of the service.").

An appropriate Order shall issue.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 27, 2006